UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KENNETH TYRONE LYNCH, JR.,**

    **Plaintiff,**                             **CASE NO.: 3:25-cv-1604**

v.

**ANHEUSER-BUSCH
COMPANIES, LLC,**

    **Defendants.**
_____/

**DEFENDANT ANHEUSER-BUSCH COMPANIES, LLC's
NOTICE OF REMOVAL**

Defendant, ANHEUSER-BUSCH COMPANIES, LLC ("A-B" or "Defendant"), pursuant to Title 28 of the United States Code §§ 1332, 1441 and 1446 and Rule 1.06 of the Local Rules of the United States District Court for the Middle District of Florida, gives notice of removing the action filed by Plaintiff, Kenneth Tyrone Lynch, Jr. ("Plaintiff"), in the Fourth Judicial Circuit, in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. The grounds for removal are set forth below.

**I.  PROCEDURAL BACKGROUND**

1. Plaintiff filed a Complaint and Demand for Jury Trial in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, captioned *Kenneth Tyrone Lynch, Jr. v. Anheuser-Busch Companies*, Case Number 2025-CA-6696

(the "State Court Case"). A true and correct copy of all documents filed in the State Court Case is attached as **Composite Exhibit A**.

2. Plaintiff seemingly seeks relief against A-B for alleged violations of the Florida Civil Rights Act of 1992 (the "FCRA"), as he attached a copy of Florida Statute § 760.10 citing sections related to discrimination in hiring, training, discharge, and retaliation. *Id.*

3. Plaintiff's claims are largely unintelligible and it is unclear upon what statutory or common law he relies as the basis for any relief sought in the Complaint.

4. On November 24, 2025, Plaintiff served A-B with a Summons and Complaint. No other process, pleadings or orders have been served upon A-B in this action.

5. Plaintiff seeks monetary damages and specified that the estimated amount of his claim exceeds $100,000. (**Exhibit A,** Civil Cover Sheet). Plaintiff did not identify the specific categories of damages sought in his Complaint. (*See* **Exhibit A**, Complaint).

## II. BASIS FOR REMOVAL OF STATE COURT ACTION

### A. Complete Diversity Of Citizenship

6. This Court has original jurisdiction over Plaintiff's action because diversity of citizenship exists and, as set forth in Section I, the amount in controversy exceeds $75,000.00.

7. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

8. Plaintiff is a citizen of Florida. Per Plaintiff's summons, he resides at 1120 Cedar Street, Apt C Jacksonville, Florida 32207. (*See* **Exhibit A**, Summons page 3.). Upon information and belief, Plaintiff also intends to remain in Florida based on his most recent employment at A-B in Jacksonville, Florida. (*See* Declaration of James Mathis, attached as **Exhibit B** at ¶ .

9. A-B is a Delaware corporation with its principal place of business in Missouri or New York. (**Exhibit B** at ¶ 2).

10. Anheuser-Busch InBev Worldwide Inc. is the sole member of A-B as it is A-B's direct parent company. (**Exhibit B** at ¶ 3). Anheuser-Busch InBev Worldwide Inc. is a Delaware corporation with its principal place of business in Missouri or New York. (**Exhibit B** at ¶ 4).

11. Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...."

12. There is diversity of citizenship between Plaintiff and A-B in this action because Plaintiff is a citizen of the State of Florida and A-B is incorporated in

Delaware and its principal place of business is in Missouri or New York.[1] (*See* **Exhibit B**).

### B.    Amount in Controversy

13.   Plaintiff's Civil Cover Sheet lists over $100,000 as the amount of the claim.

14.   Plaintiff's Civil Cover Sheet may be insufficient on its own to establish the amount of controversy required for removal. *Unwin v. Hartford Ins. Co.*, No. 2:21-cv-135-SPC-NPM, 2021 U.S. Dist. LEXIS 69223, at *6-7 (M.D. Fla. Apr. 9, 2021). However, pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the notice of removal may assert the amount in controversy, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.

15.   "Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Mid-land Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

16.   A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, a removing defendant must simply prove that "the amount in controversy **more likely than not** exceeds . . . the

---

[1] The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010).

jurisdictional requirement." *Roe*, 613 F.3d at 1061 (citations omitted) (emphasis added).

17. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Id.*

18. While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-62 (quoting *Pretka*, 608 F.3d at 754).

19. Moreover, if a "removing defendant makes specific factual allegations establishing jurisdiction and can support them ... with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations [,] [t]hat kind of reasoning is not akin to conjecture, speculation, or star gazing." *Pretka*, 608 F.3d at 754.

20. A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted).

> [W]hen it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant.

*Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *7-8 (M.D. Fla. July 14, 2014) (quoting *Roe*, 613 F.3d at 1064).

21. The amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *Pretka*, 608 F.3d at 751) (internal quotations marks omitted).

22. Here, a preponderance of the evidence clearly demonstrates that Plaintiff seeks in excess of the jurisdictional requirement of $75,000 for the following reasons:

    a.    *Plaintiff's Back Pay and Front Pay*

23. Plaintiff alleges that A-B suspended his employment on December 21, 2021 and ultimately terminated him 27 months later, on March 10, 2024. (**Exhibit A**, Complaint at Page 3).

24. Plaintiff alleges claims under the FCRA, which allows courts to issue awards of back pay, "damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. § 760.11(5).

25. Under the FCRA, a successful plaintiff is presumptively entitled to back pay, which is calculated from the date of the adverse employment action until the date of judgment. *Nord. v. United States Steel Corp.*, 758 F.2d 1462, 1572-73 (11th Cir. 1985)[2];

---

[2] FCRA claims are analyzed using the same standards as Title VII. *DuChateau v. Camp, Dresser & McKee, Inc.*, 713 F.3d 1298, 1302 (11th Cir. 2013).

6

*Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011) (back pay damages may be calculated through the proposed date of trial).

26.     Under the FCRA, Plaintiff may also be entitled to front pay. *Kelley v. ABC Caulking & Waterproofing*, No. 10-cv-22117-UNGARO, 2010 U.S. Dist. LEXIS 162458, at *6 (S.D. Fla. Aug. 31, 2010) (quoting *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1162 n.31 (11th Cir. 2002). "Front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (1946).

27.     Plaintiff's last day of work was December 21, 2021. (**Exhibit A**, Complaint at Page 3).  A-B paid Plaintiff $33.37 per hour, for approximately 20 hours per week.  (**Exhibit B** at ¶ 8).

28.     Assuming this case proceeds to trial within two years after the filing of the Complaint on October 28, 2025, the first day of trial would presumptively be October 28, 2027, or 305 weeks since Plaintiff's suspension.[3] *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 U.S. Dist. LEXIS 5570, at *8 n.3 (M.D. Fla. Jan. 16, 2015), *aff'd*, 672 Fed. Appx. 914, 2016 U.S. App. LEXIS 21417 (11th Cir. 2016) (accepting the defendant's proposed two-year estimated trial date from the filing of the complaint). Therefore, Plaintiff's back pay would amount to $203,557 ($33.37 X 20 hours per week X 305 weeks) at the time of trial, without pre and post

---

[3] Defendant presumes this will be designated a "Track Two" case, per Middle District of Florida Local Rule 3.05(c)(2)(E). This Local Role provides that Track 2 cases, like this case, will likely proceed to trial within one to two years after the filing of the Complaint.

7

judgment interest. Accordingly, Plaintiff's back pay, without more, satisfies the amount in controversy.

29. Additionally, successful plaintiffs in FCRA actions are entitled to front pay. Fla. Stat. § 760.11(5); *Armstrong v. Charlotte Cty. Bd. of Cty. Comm'rs*, 273 F. Supp. 2d 1312, 1315 (M.D. Fla. 2003).

30. Presuming six months of front pay (26 weeks at a $667.50 weekly pay), Plaintiff's front pay would total approximately $17,352.40.

31. Thus, the combined potential damages for back pay and front pay are $220,909.40—this alone meets the amount in controversy requirement.

  b. *Plaintiff's Compensatory & Punitive Damages*

32. Plaintiff may also recover compensatory damages and punitive damages, all of which may be considered in the Court's determination of the amount in controversy for diversity jurisdiction purposes.[4] *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (noting plaintiff's claim could conceivably amount to more than $75,000 based in part on compensatory and punitive damages); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be

---

[4] When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted); *see also Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that a complaint alleging $100,000 in punitive damages satisfied the jurisdictional amount in controversy because the jury could have awarded that much in punitive damages under the relevant state law).

8

considered . . . unless it is apparent to a legal certainty that such cannot be recovered.") (citations omitted).

33. Awards of compensatory damages are uncapped under the FCRA and can meet or exceed $75,000. Fla. Stat. § 760.11(5). The potential value of garden-variety emotional distress damages in a single-plaintiff claim may approximate $75,000 alone. *See Schmidt v. The Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. 2012) (citing other single-plaintiff claims under the FCRA resulting in emotional distress awards of $150,000, $457,000, $60,000, $75,000, and $100,000, and holding that, "for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases.").

34. Under the FCRA, punitive damages are recoverable but limited to $100,000. Fla. Stat. § 760.11(5). Any inquiry into whether [the plaintiff] *would* actually recover these amounts is unnecessary and inappropriate for removal purposes. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

35. In *McDaniel v. Fifth Third Bank*, the Eleventh Circuit calculated the amount in controversy, for purposes of removal, by including the amount of compensatory damages in controversy, as well as the maximum amount of punitive damages allowed under Florida law for the particular claims. *Id.;* s*ee also Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount.").

9

36. Thus, Plaintiff's purported compensatory and punitive damages alone satisfy the amount in controversy.

### C. Venue

37. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses Duval County, where Plaintiff filed his Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

### D. Timeliness of Removal

38. Pursuant to 28 U.S.C. § 1446(b), Defendant's deadline to remove this action is within 30 days of Defendant being served with the Complaint. *See* 28 U.S.C. §1446(b); *Baily v. Janssen Pharmaceutical, Inc.,* 536 F.3d 1202, 1205 (11th Cir. 2008) ("[I]nterpret[ing] §1446(b) to permit each defendant thirty days in which to seek removal.").

39. A-B was served on November 24, 2025, making the removal deadline December 24, 2025. This Notice of Removal has been timely filed.

### E. Notice to State Court and Parties

55. Pursuant to 28 U.S.C. Section 1446(d), A-B has provided written Notice of the Removal to all parties in this action and will simultaneously file a copy of this Notice of Removal in the State Court of the Fourth Judicial Circuit in and for Duval County, Florida.

WHEREFORE, A-B removes the State Court Case to this Court and requests that this Court accept jurisdiction of this civil action to the exclusion of any further proceedings in state court.

DATED this 24th day of December, 2025.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        501 Riverside Avenue, Suite 902
        Jacksonville, FL  32202
        Telephone: (904) 638-2655
        Facsimile: (904) 638-2656

        By: */s/ B. Tyler White*
        B. Tyler White
        Florida Bar No. 038213
        Tyler.White@jacksonlewis.com
        Megan.Pina@jacksonlewis.com
        JacksonvilleDocketing@jacksonlewis.com

        Ryan J. Soscia, Esq.
        Florida Bar No.: 1031736
        ryan.soscia@jacksonlewis.com
        maya.levy@jacksonlewis.com
        TampaDocketing@jacksonlewis.com
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of December, 2025 a true and correct copy of the foregoing pleading has been filed via CM/ECF and served via electronic mail to Kenneth Tyrone Lynch, Jr. at norcrosssony@yahoo.com.

        */s/ B. Tyler White*
        Attorney