**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


KENNETH TYRONE LYNCH, JR.,

      Plaintiff,

v.                                            Case No. 3:25-cv-1604-MMH-PDB

ANHEUSER-BUSCH COMPANIES, LLC,

      Defendant.

                                    /


**O R D E R**


**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On December 24, 2025, Defendant Anheuser-Busch Companies, LLC (A-B) filed a Notice of Removal (Doc. 1; Notice) removing this action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. <u>See generally</u> Notice. Upon review of <u>pro</u> <u>se</u> Plaintiff Kenneth Tyrone Lynch Jr.'s Complaint (Doc. 3; Complaint), filed December 24, 2025, the Court finds that it constitutes an impermissible "shotgun pleading."

While <u>pro</u> <u>se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro</u> <u>se</u> litigant is still required to "conform to procedural rules[,]" <u>Riley v.</u>

Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Federal Rules of Civil Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoting Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989)). Despite the liberal pleading requirements of Rule 8, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S., Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 (11th Cir. 1985) (Tjoflat, J., dissenting)).

2

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in "a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Id. at 1324–25 (citations omitted) (quoting Weiland, 792 F.3d at 1321–23).

3

an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here are two types of shotgun pleadings. First, the Complaint falls into the second category of shotgun pleadings because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. In the Complaint, Lynch details the events leading up to this lawsuit in chronological order. See Complaint at 2–4. However, he fails to state which facts he believes support any particular cause of action. Indeed, other than quoting parts of Florida Statute section 760.10, Lynch makes no attempt to identify what cause of action he seeks to bring.

4

Additionally, the Complaint falls into the third category of shotgun pleadings because Lynch does "not separate[e] into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. In fact, the Complaint does not contain any counts. See generally Complaint. Instead, as noted above, Lynch quotes portions of section 760.10 and provides a chronological narrative of the events leading up to this lawsuit. See generally id. Nowhere in the Complaint does Lynch separate each cause of action into distinct counts or explain which facts support them. See generally Complaint. This kitchen sink manner of pleading fails to comply with Rules 8 and 10 and makes it impossible to discern which causes of action are actually at issue in this particular lawsuit. See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading[]" (internal footnote omitted)).

The Court also notes that Lynch's Complaint does not fully comply with Rule 8's minimal pleading requirements. Pursuant to Rule 8, a pleading must contain "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(3). Lynch fails to demand any relief, let alone specify the type of relief he seeks. See generally id. As a result, it is impossible for the Court to discern whether it has subject-matter jurisdiction over this action.

5

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Lynch to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Lynch must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of his claims. Failure to comply with the Rules and this Order may result in a dismissal of this action without further notice.

Prior to filing his corrected complaint, the Court encourages Lynch to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Lynch may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

---

[2] In preparing his corrected complaint and any future filings, the Court recommends that Lynch visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Lynch does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

6

In light of the foregoing, it is

**ORDERED**:

1. The Complaint (Doc. 3) is **STRICKEN**.

2. Kenneth Tyrone Lynch Jr. shall have up to and including **March 6, 2026**, to file a corrected complaint.[3] Lynch is cautioned that failure to file a corrected complaint in accordance with this Order may result in the dismissal of his case for failure to prosecute.

3. In light of Lynch's anticipated filing of a corrected complaint, the Court denies without prejudice Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 7) as moot and relieves Lynch of the obligation to respond to that motion and the Order to Show Cause (Doc. 8) at this time.

---

[3] The filing of the corrected complaint does not affect any right Lynch may have to amend as a matter of course under Rule 15(a)(1).

4. The parties are relieved of their obligation to file a Case Management Report until a viable complaint is filed.

**DONE AND ORDERED** in Jacksonville, Florida, February 6, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:

Counsel of Record
Pro Se Party

8